1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL PEREZ JR,

                            Plaintiff,

            v.

BERNARD WARNER, RON
HAYNES, ROY GONZALEZ, JOHN
PADILLA, EARL X. WRIGHT,
MARGRET GILBERT,

                            Defendants.

CASE NO. 3:15-CV-05530-RBL-DWC

ORDER CONVERTING DEFENDANTS'
MOTION TO DISMISS TO A MOTION
FOR SUMMARY JUDGMENT

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

States Magistrate Judge David W. Christel.

Defendants filed a Motion to Dismiss alleging Plaintiff has failed to state a claim for

which relief can be granted. Dkt. 14. Defendants attached several exhibits to the Motion to

Dismiss which are not part of the Complaint or record. Dkt. 14-1. Defendants assert the

documents can be considered under the incorporation by reference doctrine. Dkt. 14, p. 3, n. 1.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations

contained in the pleadings, exhibits attached to the complaint, and matters properly subject to

1  judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). If, on a motion under

2  12(b)(6),

3      matters outside the pleading are presented to and not excluded by
       the court, the motion must be treated as one for summary judgment
4      under Rule 56. All parties must be given reasonable opportunity to
       present all the material that is pertinent to the motion.

5

6  Fed.R.Civ.P. 12(d). However, the Ninth Circuit has "extended the 'incorporation by reference'

7  doctrine to situations in which the plaintiff's claim depends on the contents of a document, the

8  defendant attaches the document to its motion to dismiss, and the parties do not dispute the

9  authenticity of the document, even though the plaintiff does not explicitly allege the contents of

10 that document in the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see*

11 *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

12      Several of the exhibits attached to the Motion to Dismiss are referenced in the Complaint

13 and central to Plaintiff's claims. *See* Dkt. 5, 14-1. Further, Plaintiff does not question the

14 authenticity of the documents. *See* Dkt. 16. However, Defendants attached two letters and a kite

15 not specifically identified in the Complaint. *See* Dkt. 14-1, Exhibits 5, 7. The Court finds

16 Defendant has attached exhibits beyond the scope of the "incorporation by reference" doctrine.

17      The Court will consider all exhibits attached by Defendants. However, as documents

18 attached to the Motion to Dismiss are on matters outside the pleading, the Motion must be

19 treated as one for summary judgment under Rule 56. *See Garaux v. Pulley*, 739 F.2d 437, 438

20 (9th Cir. 1984). Therefore, the Court converts Defendants' Motion to Dismiss to a Motion for

21 Summary Judgment.

22              <u>Warning regarding dispositive motions</u>

23      In transforming a dismissal into a summary judgment proceeding, the Court must inform

24 a plaintiff proceeding *pro se* it is considering more than the pleadings and afford the opportunity

to present all pertinent material. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). "If the pro se litigant is a prisoner, the district court's duties are even greater: 'The district court is obligated to advise prisoner pro se litigants of Rule 56 requirements.'" *Anderson*, 86 F.3d at 935 (quoting *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988)). Plaintiff is advised of the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Furthermore, Local Civil Rule 7(b)(2) states a party's failure to file necessary documents in opposition to a motion for summary judgment may be considered an admission the motion has merit.

Defendants' optional additional briefing will be due on or before December 23, 2015. Plaintiff's optional responsive briefing will be due on or before January 22, 2016. The Clerk is directed to rename Defendants' Motion to Dismiss (Dkt. 14) to Motion for Summary Judgment and re-note the Motion for January 29, 2016.

1    Dated this 23rd day of November, 2015.

2

3                                        David W. Christel
                                         United States Magistrate Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER CONVERTING DEFENDANTS' MOTION
TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT - 4