UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL PEREZ JR,

        Plaintiff,

   v.

BERNARD WARNER, RON HAYNES, ROY GONZALEZ, JOHN PADILLA, EARL X. WRIGHT, MARGRET GILBERT,

        Defendants.

CASE NO. 3:15-CV-05530-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: May 13, 2016

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion for Summary Judgment. Dkt. 14.

The Court concludes Plaintiff's First Amendment rights were not violated when Defendants' rejected Plaintiff's incoming and outgoing mail containing sexually explicit language. Accordingly, the Court recommends Defendants' Motion for Summary Judgment be granted and the case be closed.

REPORT AND RECOMMENDATION- 1

# BACKGROUND

Plaintiff, an inmate housed at Washington State Penitentiary, alleges his First Amendment rights were violated when Defendants Bernard Warner, Ron Haynes, Roy Gonzalez, John Padilla, Earl Wright, and Margret Gilbert, all employees of Washington State Department of Corrections, rejected his incoming and outgoing mail because the mailings contained sexually explicit material. Dkt. 5.

Defendants filed a Motion to Dismiss on October 9, 2015. Dkt. 14. Because Defendants attached exhibits not referenced in the Complaint, the Court converted the Motion to Dismiss to the now pending Motion for Summary Judgment ("Motion"). Dkt. 20. The Court allowed the parties to file supplemental briefing in support of the converted Motion. *Id.* On December 23, 2016, Defendants' filed a Supplemental Response. Dkt. 21. Plaintiff filed his Response on March 17, 2016, and Defendants filed their Reply on March 25, 2016. Dkts. 26, 27. In support of their Motion, Defendants submitted the 2011, 2014, and 2015 versions of Department of Corrections ("DOC") Policy 450.100, one of Plaintiff's mail rejection notices, one of Plaintiff's offender kites, and copies of the rejected outgoing letters. Dkt. 14-1. As evidence, Plaintiff submitted his Complaint and his Opposition to Defendants' Motion for Summary Judgment--both signed under penalty of perjury--and copies of responses from prison officials regarding the rejected mailings. Dkt. 5, 26.[1]

---

[1] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and

whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed R. Civ. P. 56(e)(3).

## DISCUSSION

Plaintiff alleges his First Amendment rights were violated when prison officials rejected his incoming and outgoing mail because the mailings contained sexually explicit material. Dkt. 5. "[A] prison inmate[ ] enjoys a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials may, however, "adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'" *Id*. (*quoting Turner v. Safley*, 482 U.S. 78, 89 (1987)).

### I.   Rejection of Incoming Mail

Plaintiff first contends Defendants violated his rights by rejecting his sexually explicit incoming mail. Dkt. 5, ¶¶ 4.1-4.9, 4.24. The evidence shows Defendants rejected a letter from Samantha Johnson on April 30, 2014 because it contained sexually explicit language in violation of DOC Policy 450.100. Dkt. 5, ¶¶ 4.1-4.9; 14-1, p. 62. The DOC policy in effect at the time the letter was rejected stated, "[m]ail to or from offenders will be rejected based on legitimate facility interests of order and security and/or for another reason identified in Unauthorized Mail (Attachment 1)." Dkt. 14-1, p. 48, Department of Corrections Policy 540.100, Revision Date 7/25/2011. DOC Policy 450.100, Attachment 1 states unauthorized mail includes sexually explicit written materials. *See id.* at p. 57.

Courts have held "no constitutional right is violated when prison staff refuse to deliver sexually explicit materials to an inmate because it is reasonably related to penological interests[.]" *Grenning v. Klemme*, 34 F.Supp.3d 1144, 1155 (E.D. Wash. 2014); *see Bahrampour v. Lampert*, 356 F.3d 969, 979 (9th Cir. 2004) (finding prison officials may prohibit receipt of sexually explicit materials in light of concerns about preventing the sexual harassment of prison guards and other inmates); *Frost v. Symington*, 197 F.3d 348, 357 (9th Cir. 1999) (applying the Supreme Court's *Turner* test to find a regulation prohibiting receipt of sexually explicit images in the prison did not unconstitutionally abridge the inmate's First Amendment rights).

Here, Defendants rejected a letter addressed to Plaintiff containing sexually explicit language pursuant to a DOC policy which is in place to protect the interests of prison order and security. *See* Dkt. 5, ¶¶ 4.1-4.7; 14-1, p. 62. While the letter was not included as evidence in support of the Motion because it was returned to Ms. Johnson, Plaintiff does not assert the letter from Ms. Johnson was not sexually explicit. *See* Dkt. 5; 14-1, p. 64. As the letter contained

sexually explicit language, Defendants' rejection of the letter did not violate Plaintiff's First Amendment rights. *See Grenning*, 34 F.Supp.3d at 1155. Accordingly, the Court recommends Defendants' Motion be granted as to Plaintiff's claim that his First Amendment rights were violated when Defendants' rejected an incoming letter containing sexually explicit language.

**II.     Rejection of Outgoing Mail**

Plaintiff next asserts Defendants violated his First Amendment rights when they refused to deliver his outgoing JPay[2] letters in March and May of 2015. Dkt. 5, ¶¶ 4.10 - 4.24. Defendants maintain Plaintiff's outgoing letters are obscene and therefore not protected by the First Amendment. Dkt. 14; 21, pp. 3-4. The content of the letters is not in dispute. *See* Dkt. 5, 14, 16, 21, 26, 27. The letters contain graphic descriptions of sexual acts between Plaintiff and the recipient, Danielle Thompson. *See* Dkt. 14-1, pp. 66-67, 69-70.

"In evaluating the free speech rights of adults, [the United States Supreme Court has] made it perfectly clear that '[s]exual expression which is indecent but not obscene is protected by the First Amendment.'" *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 874 (1997) (*quoting Sable Communications of California, Inc. v. F.C.C.*, 492 U.S. 115, 126 (1989)). Obscene speech, however, is not protected by the First Amendment. *Miller v. California*, 413 U.S. 15, 24 (1973). To determine if speech is obscene, the Court must apply the following three part test: (1) whether the average person, applying contemporary community standards would find the work, taken as a whole, appeals to the prurient interest; (2) whether the work depicts or describes sexual conduct in a patently offensive way according to contemporary community standards; and (3) whether

---

[2] JPay is an e-mail service prisoners can use to send and receive personal correspondence.

the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. *Id*. at 24; *Smith v. U.S.*, 431 U.S. 291, 302 (1977); *Wright v. Van Boening*, 958 F.2d 380 (9th Cir. 1992).[3]

First, an average person, applying contemporary standards, would find Plaintiff's letters appeal to the prurient interest. The entire contents of Plaintiff's letters are descriptions of sexual acts Plaintiff would like to perform with the letters' intended recipient. *See* Dkt. 14-1, pp. 66-67, 69-70. As the letters only contain detailed and excessive depictions of sexually activities, the letters meet the first prong of the obscenity test.

Second, the letters depict and describe sexual conduct in a patently offensive way. The letters graphically describe Plaintiff engaging in sexual actions with the letters' intended recipient. *See* Dkt. 14-1, pp. 66-67, 69-70. In the letters, Plaintiff uses street slang and vernacular for sexual organs and his graphic descriptions of sexual acts would be offensive according to contemporary community standards. *See id.* While Plaintiff argues the letters were for personal use and intended to be private, Dkt. 26, p. 4, Plaintiff was aware the letters were subject to inspection and would be read by persons other than the intended recipient. *See* Dkt. 14-1, p. 24; Department of Corrections Policy 450.100, Revision Date 8/15/2014. Prison officials were, by necessity, subjected to the contents in the letters. *See Clark v. Carter*, 2006 WL 3448689, *6 (W.D. Wash. Nov. 27, 2006) (finding letter was offensive, in part, because it was viewed by

---

[3] Plaintiff argues a jury should determine if the letters are obscene. *See* Dkt. 26, pp. 2-5. On summary judgment, the Court should determine if the materials in question are obscene. *See Wright v. Van Boening*, 958 F.2d 380 (9th Cir. 1992) (affirming the district court's finding there was no triable issue of fact for the jury and finding materials in the prison were obscene); *Clark Clark v. Carter*, 2006 WL 3448689, *6 (W.D. Wash. Nov. 27, 2006) (granting summary judgment after finding outgoing letter was obscene and not protected by the First Amendment and finding the mail was subject to censorship due to a penalogical interest in furthering prison safety and security); *United States v. A Motion Picture Film Entitled "Pattern of Evil"*, 304 F. Supp. 197, 201 (S.D.N.Y. 1969) ("As a general rule, the presence or absence of such elements pose fact questions to be submitted to a jury. However, the Supreme Court has held that the question of obscenity is ultimately a constitutional question and therefore the jury's findings do not have their usual conclusive effect. *See Jacobellis v. Ohio*, 378 U.S. 184, 188 (1964); *U.S. v. A Motion Picture Film Entitled 'I Am Curious'*, 404 F.2d 196, 200 (2d Cir. 1968). The judge to whom a summary judgment motion is addressed, should, consequently, dismiss the complaint if no triable issue of fact is raised on the question of obscenity.").

1  persons other than the intended recipient when the prison officials were subjected to the contents
2  of the letter by necessity). The Court rejects Plaintiff's argument that the letters were not
3  offensive because they were intended to be private. Therefore, the letters meet the second prong
4  of the obscenity test.
5       Third, the letters lack serious literary, artistic, political, or scientific value. The letters
6  contain only graphic sexually descriptions. *See* Dkt. 14-1, pp. 66-67, 69-70. Plaintiff states the
7  letters were for the purpose of keeping an intimate relationship while in prison and does not
8  contend the letters have serious literary, artistic, political, or scientific value. Dkt. 26, pp. 4-5.
9  Therefore, the letters meet the third prong of the obscenity test.
10      Based on the above findings, the Court concludes Plaintiff's outgoing letters meet all
11 three prongs of the *Miller* obscenity test and are obscene. As the letters are obscene, they are not
12 protected by the First Amendment. *See Clark*, 2006 WL 3448689 at *6. Therefore, Defendants'
13 refusal to deliver the outgoing letters did not violate Plaintiff's First Amendment rights.
14 Accordingly, the Court recommends Defendants' Motion be granted as to Plaintiff's claim that
15 his First Amendment rights were not violated when Defendants rejected the obscene outgoing
16 letters.
17    **III.    Constitutionality of Policies Prohibiting Sexually Explicit Mail**
18      In his Complaint, Plaintiff states he is "entitled to a declaration that all regulations that
19 prohibit delivery of his incoming and outgoing personal letters solely because they contain
20 sexually explicit mail, but taken as a whole are not obscene, are either unconstitutional on their
21 face or as applied[.]" Dkt. 5, ¶ 4.26. Plaintiff expands on the facial challenge in his Opposition to
22 Defendant's Motion for Summary Judgment when he argues the prison regulation is overbroad.
23 Dkt. 26, pp. 5-10.
24

Interference with prisoner mail must "be reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *see Turner*, 482 U.S. at 89. A four factor test is used to determine if a prison regulation which interferes with prisoner mail is reasonably related to a legitimate penological interest. *Id.*; *Turner*, 482 U.S. at 89-90. The four factors are: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) "whether there are alternative means of exercising the right that remain open to prison inmates;" (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally;" and (4) the "absence of ready alternatives" or, in the alternative, whether the rule at issue is an "exaggerated response to prison concerns." *Turner*, 482 U.S. at 89-90.

Plaintiff alleges all regulations prohibiting delivery of incoming and outgoing sexually explicit letters should be found unconstitutional on their face and as applied. Dkt. 5, ¶ 4.26; 26, pp. 5-10. Plaintiff does not allege which policies he wishes be declared unconstitutional. *Id.* Rather, Plaintiff appears to want all policies related to the regulation of the sexually explicit mail involved in this case to be deemed unconstitutional. *Id.*

Courts have analyzed similar prison policies regulating sexually explicit mail and have determined, under the *Turner* factors, these policies are not unconstitutional. *See Thornburgh*, 490 U.S. 401 (upholding the validity of a federal prison regulation restricting sexually explicit material); *Bahrampour*, 356 F.3d at 979 (finding prison officials may prohibit receipt of sexually explicit materials in light of concerns about preventing the sexual harassment of prison guards and other inmates); *Frost*, 197 F.3d at 357 (applying the Supreme Court's *Turner* test to find a regulation prohibiting receipt of sexually explicit images in the prison did not unconstitutionally abridge the inmate's First Amendment rights); *Powell v. Riveland*, 991 F.Supp. 1249, 1254

(W.D. Wash. 1997) (finding DOC Policy 450.100 was parallel to the regulation upheld in *Thornburgh* and therefore facially valid); *Grenning*, 34 F.Supp.3d at 1155 (holding "no constitutional right is violated when prison staff refuse to deliver sexually explicit materials to an inmate because it is reasonably related to penological interests"); *Clark*, 2006 WL 3448689 (holding outgoing sexually explicit mail was "subject to censorship due to penological interest in furthering prison safety and security").

Plaintiff has failed to allege facts showing the policies in question are unconstitutional. *See* Dkt. 5, ¶ 4.16. Plaintiff admits his rejected incoming mail contained sexually explicit language. *See id.* at ¶4.24. He has therefore not shown that his First Amendment rights were violated when Defendants' rejected an incoming letter containing sexually explicit language. *See* Section I, *supra*. Plaintiff also has not shown his First Amendment rights were infringed upon when his outgoing mail was rejected. Rather, the evidence shows Plaintiff's outgoing letters were obscene and therefore not protected by the First Amendment. *See* Section II, *supra*. Because courts have concluded prison policies prohibiting sexually explicit materials are not unconstitutional and because Plaintiff has not alleged facts showing any of the regulations at issue in this case are unconstitutional, the Court recommends Defendants' Motion be granted as to Plaintiff's claim that regulations prohibiting "delivery of his incoming and outgoing personal letters solely because they contain sexually explicit mail, but taken as a whole are not obscene, are either unconstitutional on their face or as applied." Dkt. 5, ¶ 4.26.

## CONCLUSION

Based on the foregoing, the Court concludes Plaintiff's First Amendment rights were not violated when Defendants rejected incoming mail which contained sexually explicit material and rejected outgoing mail which was obscene. Further, Plaintiff has not shown prison policies

1  regulating incoming and outgoing sexually explicit mail are unconstitutional. Accordingly, the
2  Court recommends Defendants' Motion for Summary Judgment (Dkt. 14) be granted and this
3  case be closed.
4        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
5  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
6  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
7  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
8  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May
9  13, 2016, as noted in the caption.
10        Dated this 27th day of April, 2016.

                                                David W. Christel
                                                United States Magistrate Judge